

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-85,974-01

### EX PARTE HARVEY LUTHER TEEL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT08950 IN THE 196TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was charged with one count of continuous sexual abuse of a child, four counts of aggravated sexual assault of a child, and three counts of indecency with a child by contact. He entered an open plea of guilty to continuous sexual abuse of a child, and was sentenced to forty years' imprisonment. The Sixth Court of Appeals affirmed his conviction. *Teel v. State*, No. 06-14-00161-CR (Tex. App. — Texarkana, June 26, 2015) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance by advising him to enter an open plea of guilty to the trial court because the trial judge knew Applicant's parents and would be more lenient in sentencing. Applicant alleges that trial counsel assured him that he would receive the minimum 25-year sentence if he entered an open plea to the trial court. Applicant alleges that he and trial counsel were surprised when a different trial judge presided at the punishment hearing, but trial counsel did not move to withdraw his plea.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. Specifically, trial counsel shall state what advice, if any, he gave to Applicant with regard to pleading guilty or going to trial on the charges. Trial counsel shall state whether any plea offers were made by the State, and if so, whether such offers were communicated to Applicant. Trial counsel shall state whether he promised Applicant a 25-year sentence if he entered an open plea to the trial court. Trial counsel shall state whether he advised Applicant that the trial judge would be more likely to be lenient because the judge knew Applicant's family, and whether this consideration affected trial counsel's advice as to how Applicant should plead. Trial counsel shall state whether he considered moving to withdraw Applicant's plea when it became clear that a different judge would be presiding over the sentencing than had accepted Applicant's plea. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

personal recollection.  *Id.*

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing.  TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant.  The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues.  The issues shall be resolved within 90 days of this order.  A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order.  Any extensions of time must be requested by the trial court and shall be obtained from this Court.


Filed: December 7, 2016
Do not publish